LAWRENCE, Judge,
dissenting.
I respectfully dissent, for in my view, the trial judge’s order permitting the adoptive parents of B.M.’s half-sibling (Does) to intervene in this case, did not deviate from the essential requirements of law. The majority correctly observes that the trial judge must consider the best interests of the child in deciding whether the foster parents should be permitted to adopt B.M. With the foster parents petitioning for adoption, HRS recommending that their petition be granted, and the respondents (Does) being excluded from any participation in the case, the trial judge has no practical way of determining whether it would be in B.M.’s best interests to be adopted by either the foster parents or by the respondents. It may well be that adoption by the foster parents would serve the best interests of B.M., but the majority opinion effectively holds that a blood relationship between half-siblings is inconsequential in determining the best interests of the child to be adopted. I disagree, for the blood relationship between these infant children should constitute at least one of the many factors to be considered. The majority view forecloses any opportunity the trial court has to evaluate the Does as prospective parents and to consider whether it would be in B.M.’s best interests to be united with her half-sibling in the same family unit. .
The trial judge must make a decision in the initial suit as to whether the foster parents are appropriate as adoptive parents of B.M. The only practical way to reach that decision is upon information and evidence relating to the suitability of the Does and their circumstances as parents of B.M.’s half-sibling. That information will be available to the court only if the Does are permitted to intervene.
HRS argues, and I agree, that standing to intervene in an adoption case should not be opened to any person who simply has a desire to adopt an eligible child. However, I disagree with HRS’s contention that to allow intervention in the instant case would open the “flood gates” to any and all persons interested in adopting an eligible child. Permitting the Does to intervene, based upon their status as adoptive parents of B.M.’s half-sibling, would necessarily limit the maximum number of potential intervenors to the number of siblings involved in that particular family. Even under those circumstances, it *700 is unlikely that potential intervenors falling into that class will pose any administrative problems for the trial court. In any event, the trial court is in the best position to exercise its sound discretion in determining whether to permit intervention.
Florida courts, as well as the Florida Legislature, have a long history which discourages the separation of siblings, although the usual circumstance is one in which the siblings have initially been united within the same family unit. However, some consideration should be given to whether it would be in the best interests of siblings to unite them, notwithstanding the lack of any previous contact.
Had the Does sought to intervene as next friend of and on behalf of their adoptive child, a half-sibling of B.M., in addition to their status as adoptive parents of B.M.’s half-sibling, their position would be even stronger. However, even without considering the potential standing of the Does’ adoptive child in her own right, I would hold that the trial judge properly granted intervenor status to the Does.
The trial court is in the best position to determine whether the Does should be permitted to intervene. This is especially true when the interests of children are being determined. I cannot conclude that the trial judge abused her discretion and deviated from the essential requirements of law. Accordingly, I would deny the petition and leave intact the decision of the trial court.